# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | |
|---|---|
| JONATHAN LEVINE, et al. § | |
| § | |
| Plaintiffs, § | |
| § | |
| v. § | CIVIL ACTION NO. H-08-2946 |
| § | |
| M&A CUSTOM HOME BUILDER § | |
| & DEVELOPER, LLC, et al. § | |
| § | |
| Defendants. § | |

## MEMORANDUM AND ORDER

In response to the motion to withdraw the reference filed by defendant Sergio Medina, the bankruptcy court has issued a report recommending that the district court withdraw the reference for the adversary proceeding filed as Adversary No. 07-3469, but defer the withdrawal until the bankruptcy court has ruled on the parties' dispositive motions. The standard for when a district court may withdraw the reference from a bankruptcy court is outlined in 28 U.S.C. § 157(d). Section 157 provides for both mandatory and permissive withdrawal:

> The district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown. The district court shall, on timely motion of any party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce.

28 U.S.C. § 157(d).

Courts generally interpret the mandatory withdrawal provision restrictively, granting withdrawal of the reference when the claim and defense entail material and substantial consideration of non-Bankruptcy Code federal law. *See, e.g., Lifemark Hosps. of La ., Inc. v. Liljeberg Enters., Inc.,* 161 B.R. 21, 24 (E.D. La.1993) (withdrawing reference when case necessarily involved a determination of antitrust claims); U.S. Gypsum Co. v. Nat'l Gypsum Co., 145 B.R. 539, 541 (N.D. Tex.1992) (withdrawing reference when case necessarily involved a determination of patent claims); *In re Johns-Manville Corp.,* 63 B.R. 600, 603 (S.D.N.Y.1986) (withdrawing reference when case necessarily involved a determination of CERCLA issues); *In re White Motor Corp*., 42 B . R. 693, 704 (N.D. Ohio 1984) (no withdrawal of reference based on speculation about issues under ERISA and Internal Revenue Code which may or may not be germane to the core proceeding). Permissive withdrawal for cause shown requires a court to examine the following factors:  is the matter core or noncore?  Do the proceedings involve a jury demand?  Would withdrawal further uniformity in bankruptcy administration?  Would withdrawal reduce forum-shopping and confusion?  Would withdrawal foster economical use of resources?  Would withdrawal expedite the bankruptcy process? *Holland America Ins. Co. v. Succession of Roy,* 777 F.2d 992, 999 (5th Cir.1985); *In re OCA, Inc*. 2007 WL 1728914, 3 (E.D. La.).

In the present case, the bankruptcy court carefully analyzed the relevant factors and concluded that because defendant Medina had demanded a jury trial, had not waived his right to a jury trial, and had not consented to a jury trial held in the bankruptcy court, withdrawal

was appropriate. The bankruptcy court recognized that the withdrawal should be deferred until that court has ruled on all dispositive motions, to further judicial economy and expedite the bankruptcy process.

This court adopts the report and recommendation and withdraws the reference effective when the bankruptcy court rules on the dispositive motions and subject to the bankruptcy court's rulings on those motions.

SIGNED on November 25, 2008, at Houston, Texas.

Lee H. Rosenthal
United States District Judge